MILDRED E. OTTINGER v. COCKE COUNTY BOARD OF EDUCATION.

Eastern Section. ———— —, ——.

George R. Shepherd, of Newport, for plaintiff in error.
McMahan & Pierce, of Morristown, for defendant in error.

PORTRUM, J.  The plaintiff in error, Mildred E. Ottinger, is a teacher in the elementary schools of Cocke county.  On the 16th of August, 1928, she entered into a contract with the County Board of Education, in the usual printed form, agreeing to teach the Holt Community School for the fall term, at the contract price of $50 per month.  After the execution of this contract the teacher entered upon her duties and taught the school for a period of five months, at which time it closed.  She was paid $50 per month for four months, but when the fifth month expired she was paid only the sum of $25.  The deduction was made on the theory that the county board should have contracted with her to teach the school for the sum of $45 per month, and to make the contract confirm to this so-called provision of the law, $5 per month was deducted from the last payment making due her the sum of $25, which made her compensation for the term $45 per month.

The plaintiff was dissatisfied with this arrangement and brought suit for the contract price, for the balance due or the sum of $25.  The defense is that the school board exceeded its authority in contracting with her for $50 per month, for the State Board of Education had adopted a schedule for elementary teachers and the county board was expected to conform to this schedule, and for inexperienced teachers, as this one was, the schedule was $45 per month.  It was further contended that the teacher knew this and contracted with this understanding.  The Superintendent of Public Instruction for Cocke county, who drafted the contract and whose duty it is to recommend the salaries, states that he overlooked the fact that the teacher was not an experienced teacher and her salary should have been fixed at $45 and not $50, which was the salary for teachers having some experience.

The plaintiff had no understanding or knowledge of a state schedule, but entered into the contract with the expectation of receiving $50 per month.  Other teachers may have understood and contracted with the state schedule in view, but there is no competent evidence showing that this teacher knew of it or contracted with the reservation making her compensation conform to it.  The County Superintendent states that he overlooked the fact that she had no experience, but the teacher had no knowledge that her past experience would affect her salary.  This is not a suit to reform the contract and the oral evidence which tends to vary or change it is not competent and should have been excluded by the trial judge.

The main defense is that the school board was without authority to contract for a higher salary than that provided by the state schedule.  The school authorities take the position that the law confers absolute control upon the State Superintendent of Instruction, who is now known as the Commissioner of Education, and that the county boards are bound by the laws and regulations as promulgated by the State Board, and that the state regulation required the county board to

contract with the teachers according to the schedules made by it; so any variance from this schedule is unauthorized and unlawful and not binding upon the school authorities. This was the view adopted by the trial judge who dismissed the suit at the cost of the plaintiff, and she has appealed.

This construction of the school laws is not warranted; and the regulation adopted and promulgated by the state school authorities expressly provides otherwise. We quote from the regulation promulgated under the title "The Equalizing Fund Law and Revised Regulation, 1928."

"Section 10. This schedule should be used in making contracts with teachers for the 1928-29 session. The old schedule will be followed by the state in making settlements with the various counties for the scholastic year ending June 30, 1928. In both cases superintendents and boards of education are reminded that they may pay the teachers such salaries as they think proper. This is a function of the local board over which the state does not wish to exercise control. The state will, however, use this schedule with its accompanying estimation as a basis for distributing the equalizing fund and will follow it strictly and any excess paid above this schedule must be borne by the county from its own funds."

It was made the duty of the county board to contract with this teacher before she entered upon her duties; the general laws and regulations did not limit their power to fix her compensation; when the contract was executed providing for $50 per month it was a binding contract and one a teacher can enforce. There was nothing in the contract in reference to the state schedule, or that the teacher must have past experience to entitle her to $50 per month. She should not be made to suffer after she has performed the services because the County Superintendent overlooked the fact that she had no past experience. There is nothing in this record to justify the school board in repudiating this contract or any of its parts. The circuit judge, who tried the case without the intervention of a jury, was in error in denying the plaintiff a recovery for the difference in her salary of $25.

A judgment will be entered in this cause for this amount, with interest and the costs of the cause. The school board may draw a warrant against the county school funds upon the trustee for the payment of the judgment.

Snodgrass and Thompson, JJ., concur.